IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**DEVON SMITH**, *et al.*,

    **Plaintiffs**,

v.

    Case No. 2:18-cv-230
    Chief Judge Edmund A. Sargus, Jr.
    Magistrate Judge Elizabeth P. Deavers

**GENERAL INFORMATION
SOLUTIONS, INC.**,

    **Defendant**.

## OPINION AND ORDER

This matter is before the Court for consideration of Plaintiff's Motion to Transfer Venue to the District of South Carolina (ECF No. 20), Defendant's Response (ECF No. 25), and Plaintiff's Reply (ECF No. 28). For the reasons that follow, Plaintiff's Motion to Transfer is **GRANTED**.

### I.

Plaintiff Devon Smith, a resident of Columbus, Ohio, brings this putative consumer class action under the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA") against Defendant General Information Solutions, Inc., a for-profit limited liability company that conducts business in this district and is incorporated under the laws of Delaware with its principal place of business in Chapin, South Carolina. (ECF No. 5, ¶¶ 1–12.) Plaintiff alleges that Defendant, which procures background check information regarding individuals seeking employment with its customers, violated the FCRA in connection with its procurement of his consumer report. (*Id*. at ¶¶ 2–4.) Plaintiff specifically alleges that Defendant violated the FCRA

by obtaining consumer reports without proper authorizations and by failing to provide required information to potential employees like Plaintiff who suffered concrete harm resulting from these failures. (*Id*. at ¶¶ 5–8, 16–39.) Count One of the Amended Complaint asserts Defendant violated the FCRA by failing to obtain authorization from the potential employee that conforms to the requirements of 15 U.S.C. § 1681b(b)(2)(A)(ii). (*Id*. at ¶¶ 63–68.) Count Two asserts that Defendant violated the FCRA by failing to provide potential employees with pre-adverse action notification, the consumer report, and a copy of consumer rights, as required by 15 U.S.C. § 1681b(b)(3)(A). (*Id*. at ¶¶ 69–78.) Plaintiff asserts these claims on behalf of the following two putative nationwide classes:

> (a) All natural persons residing within the United States and its Territories regarding whom, within five years prior to the filing of this action and extending through the resolution of this action, GIS procured or caused to be procured a consumer report for employment purposes without a stand-alone written disclosure ("Class A").
>
> (b) All natural persons residing within the United States and its Territories regarding whom, within five years prior to the filing of this action and extending through the resolution of this action, who were the subject of a background report procured or caused to be procured by GIS that was used to make an adverse employment decision regarding such employee or applicant for employment, and who GIS failed to notify of a forthcoming adverse action and/or failed to provide the applicant an understandable copy of his or her consumer report or a copy of the FCRA summary of rights before it took such adverse action (Class B).

(*Id*. at ¶ 40.)

On June 25, 2018, Defendant filed a Partial Motion to Dismiss for Lack of Personal Jurisdiction and to Dismiss Plaintiff's Claim for Injunctive and/or Declaratory Relief, asking the Court to dismiss, *inter alia*, the claims of non-Ohio residents for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2). (ECF Nos. 14 and 15.) Thereafter, Plaintiff filed a Motion to Change Venue, seeking to transfer this action to the United States District Court for South Carolina. (ECF No. 20.) Following the filing of the Motion to Transfer Venue,

the Court held in abeyance briefing on Defendant's Motion to Dismiss pending a ruling on Plaintiff's Motion to Change Venue. (ECF No. 22.) On August 9, 2018, Defendant responded to Plaintiff's Motion to Transfer Venue (ECF No. 25) and simultaneously filed a Motion to Compel Arbitration (ECF Nos. 26 and 27.) On August 22, 2018, Plaintiff filed his Reply in Support of the Motion to Transfer Venue. (ECF No. 28.)

**II.**

Plaintiff moves to transfer venue pursuant to 28 U.S.C. § 1404(a). Under 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The threshold issue under § 1404(a) is whether the action could be brought in the transferee court. *Kay v. Nat'l City Mortg. Co.*, 494 F. Supp. 2d 845, 849 (S.D. Ohio 2007). If a case could be brought in the court "the issue becomes whether transfer is justified under the balance of the language of § 1404(a)." *Id.* In balancing convenience, the Court must consider a number of factors such as "the private interests of the parties, including their convenience and the convenience of potential witnesses, as well as other public-interest concerns, such as systemic integrity and fairness, which come under the rubric of 'interests of justice.'" *Moore v. Rohm & Haas Co.*, 446 F.3d 643, 647 n.1 (6th Cir. 2006) (quoting *Moses v. Bus. Card Exp., Inc.*, 929 F.2d 1131, 1137 (6th Cir. 1991)). Relevant factors to consider include all of the following: the practical problem of trying the case most expeditiously and inexpensively; the interests of justice; the plaintiff's choice of forum; the defendant's preference; whether the claim arose elsewhere; the enforceability of the judgment; and the local interest in deciding local controversies at home. *Reese v. CNH Am. LLC*, 574 F.3d 315, 320 (6th Cir. 2009); *Slate Rock*

*Constr., Co. v. Admiral Ins. Co.*, No. 2:10-CV-1031, 2011 WL 3841691 at *6 (S.D. Ohio Aug. 30, 2011) (quoting *Jumara v. State Farm Ins. Co.*, 55 F. 3d 873, 879-80 (3d Cir. 1995)).

The moving party bears the burden to establish a need for transfer. *Kay*, 494 F. Supp. 2d at 849–50 (citing *Jamhour v. Scottsdale Ins. Co.*, 211 F. Supp. 2d 941, 945 (S.D. Ohio 2002)). Transfer pursuant to Section 1404 must be "to a more convenient forum, not to a forum likely to prove equally convenient or inconvenient." *Van Dusen v. Barrack*, 376 U.S. 612, 645–46 (1964); *see also Shanehchian v. Macy's, Inc.*, 251 F.R.D. 287, 292 (S.D. Ohio 2008) ("[Section] 1404 does not allow . . . for transfer if that transfer would only shift the inconvenience from one party to another.").

Even where venue is proper, a district court may exercise its broad discretion to transfer a civil action to a more convenient forum pursuant to § 1404(a). *See Reese*, 574 F.3d at 320 (citing *Phelps v. McClellan*, 30 F.3d 658, 663 (6th Cir. 1994)). "Ultimately . . . the decision whether to transfer venue under § 1404(a) is committed to the sound discretion of the trial court." *Levy v. Cain, Watters & Assocs.*, P.L.L.C., No. 2:09-cv-723, 2010 WL 271300 at *9 (S.D. Ohio Jan. 15, 2010); *Reese*, 574 F.3d at 320 ("[a]s the permissive language of the transfer statute suggests, district courts have 'broad discretion' to determine when party 'convenience' or 'the interest of justice' make a transfer appropriate."). Section 1404(a) promotes "an individualized case by case consideration of convenience and fairness." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (internal quotation omitted).

**III.**

In its Response, Defendant specifically advises that it "takes no position with respect to the relief requested in Plaintiff's Motion to Transfer Venue to the United States District Court of South Carolina." (ECF No. 25 at 2.) Defendant argues, however, that this Court should first rule

4

in its favor on the Motion to Compel Arbitration before considering Plaintiff's Motion to Transfer Venue. (*Id*. at 2–3.) Although Defendant concedes that this presents "a rare procedural posture," it argues that doing so serves judicial economy, a factor in the Court's Section 1404(a) analysis. (*Id*.) In his Reply, Plaintiff notes that Defendant does not oppose the request to change venue, but Plaintiff has no objection if this Court prefers to rule on the Motion to Compel Arbitration before ruling on his Motion to Transfer Venue. (ECF No. 28 at 1.)

Contrary to Defendant's argument, the Court finds it appropriate and in the interest of judicial economy to consider first Plaintiff's Motion to Transfer Venue. *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 425 (2007) ("[A] court need not resolve whether it has . . . personal jurisdiction over the defendant if it determines that, in any event, a foreign tribunal is plainly the more suitable arbiter of the merits of the case."); *Showhomes Franchise Corp. v. LEB Sol., LLC*, No. 3:17-cv-00508, 2017 WL 3674853, at *1 (M.D. Tenn. Aug. 24, 2017) ("In the interest of judicial economy, the court considers the motion to transfer venue first [before considering the motion to dismiss]."); *Rollenhagen v. Int'l Speedway Corp.*, No. 1:07-cv-818, 2007 WL 4324018, at *3 (W.D. Mich. Dec. 7, 2007) (denying motion to stay consideration of motions to transfer venue pending resolution of motion to dismiss for lack of personal jurisdiction).

Turning to the merits of Plaintiff's Motion to Transfer Venue, the Court agrees with Plaintiff that the private interests weigh in favor of transferring this case. Plaintiff now represents that he prefers South Carolina as the venue to litigate this case. (ECF No. 20 at 5.) Plaintiff's choice of forum carries weight, particularly where, like here, the chosen forum has a connection to the litigation and Defendant maintains its principal place of business there. *Cf. Allstate Ins. Co. v. Electrolux Home Prods., Inc.*, No. 1:14-cv-208, 2014 WL 4168472, at *2

(N.D. Ohio Aug. 19, 2014) (stating that a plaintiff's choice of forum is given little weight where the plaintiff and the action have little connection with the chosen forum). The relative ease of documents and witnesses in South Carolina, which Defendant maintains its principal place of business, also favors transfer. *Fed. Deposit Ins. Corp. v. Paragon Mortg. Servs., Inc.*, No. 1:15 CV 2485, 2016 WL 2646740, at *5 (N.D. Ohio May 10, 2016) (finding that convenience of the witnesses favored transfer where the party opposing transfer failed to establish that the Northern District of Ohio is convenient or that the District of Colorado is inconvenient for the witnesses); *see also Thomas v. Home Depot, U.S.A., Inc.*, 131 F. Supp. 2d 934, 941 (E.D. Mich. 2001) (finding this factor weighed in favor of transfer where the moving part supported the existence of material fact witnesses would have to travel and the party opposing transfer had not so supported its argument).

The Court likewise concludes that the public interests favor transfer to South Carolina. These public interests include, *inter alia*, enforceability of judgment, practical considerations, and judicial economy. *Slate Rock Constr., Co.*, 2011 WL 3841691 at *6; *Anderson v. Wyant*, No. 1:16-cv-874, 2017 WL 5904347, at *3 (W.D. Mich. Nov. 30, 2017). Here, Defendant has filed a Motion to Dismiss based, in part, on lack of personal jurisdiction and seeks to dismiss all class allegations of any putative plaintiff outside of Ohio. As Plaintiff points out (ECF No. 20 at 7), transferring this action to South Carolina where Defendant maintains its principal place of business will resolve the jurisdictional question raised by Defendant without reducing or dividing the putative classes. Transferring this action therefore conserves judicial resources and eliminates any delay caused by resolving a jurisdictional challenge, permitting the parties to proceed with discovery and to the merits of the claims.

## IV.

In sum, the Court concludes that the balance of interests weighs in favor of transfer and that this Court's discretion is best exercised in transferring this action. *See Reese*, 574 F.3d at 320. Accordingly, Plaintiff's Motion to Transfer Venue to the District of South Carolina (ECF No. 20) is hereby **GRANTED**. The Clerk is **DIRECTED** to transfer this case to the District of South Carolina.

**IT IS SO ORDERED.**


Date: August 23, 2018 /s/ *Elizabeth A. Preston Deavers*
ELIZABETH A. PRESTON DEAVERS
UNITED STATES MAGISTRATE JUDGE